IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK, | CASE No. 1:10-cv-00052-LJO-MJS (PC) |
| Plaintiff, | ORDER (1) DENYING STAY (2) GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT |
| vs. | (ECF No. 13) |
| A. FRAZIER, et al., | THIRTY (30) DAY DEADLINE |
| Defendants. | |
| _____/ | |

**I.   PROCEDURAL HISTORY**

On January 11, 2010, Plaintiff Anthony E. Mack, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On January 30, 2013, the Court screened and dismissed the Complaint for failure to state a claim, but gave leave to file an amended pleading by not later than March 5, 2013. (ECF No. 10.) Plaintiff requested and was granted a further extension of time, through April 9, 2013, to file his amended pleading. (ECF No. 12.)

Pending before the Court is Plaintiff's March 26, 2013 Motion to stay proceedings for an unspecified time. (ECF No. 13.)

-1-

## II. **ARGUMENT**

Plaintiff argues that he can not prepare and file his amended pleading until his legal materials, which apparently have been seized by prison officials in relation to a disciplinary proceeding against him, are returned.

## III. **ANALYSIS**

### A. Motion for Stay

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706–07 (1997), citing Landis v. North American Co., 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." Id. at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972), quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff fails to demonstrate need for a stay. In considering a stay order, the Court should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). Plaintiff provides no real justification for a stay of proceedings and does not specify any length of time for the requested stay.

He does allude to recent prison disciplinary proceedings which resulted in him being separated from his property. However, it is the Court's observation that prisoner discipline often results in only a temporary separation from property. There is no reason to suspect that this is anything but a temporary separation and that Plaintiff's

access to his legal materials will be regained in a reasonable time.

Staying this action would create a risk of prejudice to the Defendants. "[D]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale". Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999); see Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from delay in resolving an action). Furthermore delay disrupts the Court's schedules. Other less drastic remedies, including the extension of time provided below, can alleviate prejudice to Plaintiff from the lack of access to legal materials.

### B.   Further Extension of Time

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Fed. R. Civ. P. 6(b)(1). The Court has wide discretion to extend time. Jenkins v. Commonwealth Land title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996). A party must demonstrate some justification for the issuance of the enlargement order. Ginett v. Federal Express Corp., 166 F.3d 1213 at 5* (6th Cir. 1998).

Plaintiff's alleged lack of access to legal materials suggests good cause for further extension of time to file his amended pleading. Plaintiff has acted with reasonable diligence.

### IV.   CONCLUSIONS AND ORDER

Plaintiff fails to demonstrate he needs and is entitled to a stay of proceedings, but he has demonstrated good cause for a further extension of time to file his first amended complaint.

////////
////////
////////
////////

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff Motion for a stay of proceedings (ECF No. 13) is DENIED; and
2. A further extension of time for Plaintiff to file his first amended complaint is GRANTED such that he has thirty (30) days following service of this Order to file his first amended complaint.

IT IS SO ORDERED.

Dated: March 27, 2013          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE

-4-