IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK,<br><br>    Plaintiff,<br><br>vs.<br><br>A. FRAZIER, et al.,<br><br>    Defendants.<br>_____/ | CASE No. 1:10-cv-00052-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS (1) TO STRIKE (2) FOR RECONSIDERATION (3) FOR RECUSAL<br><br>ORDER GRANTING FURTHER THIRTY (30) DAY EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 15) |

## I. PROCEDURAL HISTORY

Plaintiff Anthony E. Mack is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed January 11, 2010 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court dismissed the Complaint on January 30, 2013 for failure to state a claim, but gave leave to file an amended pleading by not later than March 5, 2013. (ECF No. 10.) Plaintiff requested and was granted a further extension of time, through April 9, 2013, to file his amended pleading. (ECF No. 12.) On March 26, 2013, Plaintiff requested an unspecified stay of this action pending resolution of unconstitutional living conditions and return of personal and legal property confiscated as a result of a recent disciplinary segregation. (ECF No. 13.) On March 28, 2013, the

-1-

Court denied the stay, but granted Plaintiff a further thirty day extension to file his first amended complaint. (ECF No. 14.)

Pending before the Court are Plaintiff's Motions to strike and reconsider the March 28th Order. (ECF No. 15.) Plaintiff's Motions also attribute bias to the undersigned and are construed as a request that the undersigned recuse himself.

## II.   ARGUMENT

Plaintiff has been without his personal property and legal materials for five months. He needs a stay of proceedings because unspecified prison officials are collaborating with Defendants to prevent timely return of property and legal materials needed to prepare his amended pleading. (ECF 15 at 2:22-24.)

The Court is biased against Plaintiff, ruling incorrectly that the property deprivation is a temporary separation resulting from inmate discipline. Defendants do not intent to reunite Plaintiff with his property and legal materials within a reasonable time.

Defendants would not be prejudiced by the stay because they are the ones preventing Plaintiff from proceeding.

## III.   ANALYSIS

### A.   Motion for Reconsideration

#### 1.   Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it

was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

    2.    Reconsideration Denied

Plaintiff's argument, apart from his contention Defendants do not intend to return his property and legal materials, was previously considered by the Court and found an insufficient basis for a stay.

Plaintiff provides no facts or evidence to support his new contention that Defendants do not intend to return his property and materials. The contention appears to be based on surmise and speculation. It does not provide a proper basis for a stay.

Plaintiff provides no basis for granting a motion for reconsideration of the Court's denial of stay. Plaintiff cites to no error, newly discovered evidence, or other grounds supporting reconsideration of denial of stay.

**B.**    **Motion to Strike**

    1.    Legal Standard

"The Court may strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule

12(f) is limited to striking from a pleading only those specific matters which are provided for in the rule. Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 974–75 (9th Cir. 2010).

### 2. Motion to Strike Denied

The Court's Order is not a pleading, Fed. R. Civ. P. 7(a). Plaintiff's disagreement with the Order does not justify its being stricken. The Order is not redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). The Motion to Strike shall be denied.

### C. Recusal

#### 1. Legal Standard

A judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 555 (1994). The substantive standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). The alleged bias must stem from an "extrajudicial source." Liteky, 510 U.S. at 544–56. Normally, rulings by a court during the course of a case can not be extrajudicial conduct. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045–46 (9th Cir. 1987); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008). However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. Liteky, 510 U.S. at 555–56; Pesnell,

543 F.3d at 1044. Judicial rulings may support a motion for recusal only "in the rarest of circumstances." Liteky, 510 U.S. at 555; U.S. v. Chischilly, 30 F.3d 1144, 1149 (9th Cir. 1994).

### 2. Recusal Denied

Issuance of a decision unfavorable to a party does not in and of itself constitute a grounds for recusal. It does not do so here. There is a "presumption of honesty and integrity in those serving as adjudicators." Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 891 (2009), citing Withrow v. Larkin, 421 U.S. 35, 47 (1975).

Plaintiff has provided no facts suggesting such a deep-seated favoritism on the part of the undersigned as to make fair judgment impossible.[1]

The Court has no predisposition one way or the other nor any bias for or against any party in this case. The Court will be fair and impartial to the parties.

### D. Further Thirty (30) Day Extension of Time Granted

#### 1. Legal Standard

The Court has wide discretion to extend time, Jenkins v. Commonwealth Land title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996), provided a party must demonstrate some justification for the issuance of the enlargement order. Fed. R. Civ. P. 6(b)(1); Ginett v. Federal Express Corp., 166 F.3d 1213 at 5* (6th Cir. 1998).

#### 2. Further Extension of Time Granted

Plaintiff has acted with reasonable diligence. The Court will give him one additional extension of time to file his amended pleading. However, any further

---

[1] 28 U.S.C. § 455 provides that recusal motions "must be decided by the very judge whose impartiality is being questioned". In Re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

request for extension of time will be looked upon with disfavor and must be accompanied by a specific showing of good cause. The Court does not perceive that Plaintiff's missing materials are essential to his addressing and resolving the pleading deficiencies identified by the Court in its screening order. If Plaintiff seeks any additional time to amend, he must explain to the Court his basis for believing he can not amend without recovering the missing property. He may be better served devoting his time and energy simply to addressing those deficiencies and filing his amended pleading.

## IV.    ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's Motion to strike the Court's March 28, 2013 Order (ECF No. 15) is DENIED;
2. Plaintiff's Motion for reconsideration of the Court's March 28, 2013 Order (ECF No. 15) is DENIED;
3. Plaintiff Motion for consideration of recusal of the undersigned (ECF No. 15) is DENIED; and
4. Plaintiff is GRANTED a further extension of time such that he shall file his first amended complaint by not later than thirty (30) days following service of this Order.

IT IS SO ORDERED.

Dated:   May 7, 2013              /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE