IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK,<br><br>    Plaintiff,<br><br>    vs.<br><br>A. FRAZIER, et al.,<br><br>    Defendants.<br>_____/ | CASE No. 1:10-cv-00052-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER<br><br>(ECF No. 17) |

    Plaintiff Anthony E. Mack is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed January 11, 2010 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court dismissed the Complaint on January 30, 2013 for failure to state a claim, but gave leave to file an amended pleading by not later than March 5, 2013. (ECF No. 10.) Plaintiff requested and was granted a further extension of time, through April 9, 2013, to file his amended pleading. (ECF No. 12.) Plaintiff requested an unspecified stay of this action pending resolution of unconstitutional living conditions and return of personal and legal property confiscated as a result of a recent disciplinary segregation. (ECF No. 13.) The Court denied the stay, but granted Plaintiff a further extension through May 1, 2013 to file his first amended complaint. (ECF No. 14.) Plaintiff filed a Motion to strike and for reconsideration of the Court's Order (ECF

-1-

1  No. 14), therein attributing bias to the undersigned. (ECF No. 15.) The Court denied
2  the motion to strike, for reconsideration and for recusal, but allowed Plaintiff a further
3  extension through June 11, 2013 to file his first amended complaint. (ECF No. 16.)
4      Pending before the Court is Plaintiff's Motion to Vacate the Court's Order (ECF
5  No. 16) on grounds that  the undersigned misapplied Federal Rule of Civil Procedure
6  8(a)(2) and exceeded its jurisdiction in screening Plaintiff's pleading and in ruling on
7  his motions and also that it misconstrued allegations and is biased against Plaintiff.
8  (ECF No. 17.)
9      Plaintiff's instant Motion is  denied. I t is simply a restatement of  argument
10  previously found deficient in connection with motions previously denied by the Court.
11  (see ECF No. 16.)
12      The Motion fails as a motion for reconsideration. Plaintiff cites to no error, newly
13  discovered evidence, or other grounds supporting reconsideration. Fed. R. Civ. P.
14  60(b)(6); Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). "A motion for
15  reconsideration should not be granted, absent highly unusual circumstances, unless
16  the . . . court is presented with newly discovered evidence, committed clear error, or if
17  there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v.
18  Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking
19  reconsideration must show more than a disagreement with the [c]ourt's decision, and
20  recapitulation . . ." of that which was already considered by the court in rendering its
21  decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).
22      Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's
23  Motion to Vacate the Court's Order (ECF No. 17) is DENIED.
24
25  IT IS SO ORDERED.
26  Dated:   June 9, 2013         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE
27
28                                    -2-