1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,

Plaintiff,

v.

A. FRAZIER, et al.,

Defendants.

_____/

CASE No. 1:10-cv-0052-LJO-MJS (PC)

ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER

(ECF No. 16)

FOURTEEN (14) DAY DEADLINE

18

19

20

Plaintiff Anthony E. Mack is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed January 11, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

21

22

23

24

The Court screened Plaintiff's Complaint and dismissed it on January 30, 2013 for failure to state a claim, but gave Plaintiff leave to file an amended complaint by not later than March 4, 2013.  (Order Dismiss. Compl., ECF No. 10.)  The Court extended the deadline for filing the amended complaint by thirty days on May 8, 2013. (ECF No. 16.)

25

26

The June 8, 2013 deadline has passed without Plaintiff filing an amended complaint or requesting an extension of time to do so.

27

28

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and

1

all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's Order requiring that he file an amended complaint by not later than June 8, 2013.

Accordingly, it is HEREBY ORDERED THAT:

1.  Within fourteen (14) days of service of this order, Plaintiff shall either show cause as to why his case should not be dismissed with prejudice for failure to comply with the Court's May 8, 2013 Order, or file an amended complaint; and

2.  If Plaintiff fails to show cause or file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   June 21, 2013          /s/ Michael J. Seng
                          UNITED STATES MAGISTRATE JUDGE