IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,

Plaintiff,

vs.

A. FRAZIER, et al.,

Defendants.

_________________________________/

CASE No. 1:10-cv-00052-LJO-MJS (PC)

FINDINGS AND RECOMMENDATIONS (1) DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE, and (2) DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE

(ECF Nos. 19 & 20)

OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS

## I. PROCEDURAL HISTORY

Plaintiff Anthony E. Mack is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed January 11, 2010 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court dismissed the complaint on January 30, 2013 for failure to state a claim, but gave Plaintiff leave to file an amended pleading by not later than March 4, 2013. (ECF No. 10.) Plaintiff requested and was granted a further extension of time, through April 9, 2013, to file his amended pleading. (ECF No. 12.)

The Court denied Plaintiff's request for an unspecified stay of this action, but

granted a further extension through May 1, 2013 to file a first amended complaint. (ECF No. 14.)

The Court denied Plaintiff's motion to strike and reconsider the order denying stay (which alleged bias on the part of the undersigned), but granted a further extension through June 11, 2013 to file a first amended complaint. (ECF No. 16.)

The Court denied Plaintiff's motion to vacate the order denying his motion to strike and for reconsideration. (ECF No. 18.)

Plaintiff did not, by the June 11, 2013 deadline, file an amended complaint or seek an extension of time to do so. The Court ordered Plaintiff, by not later than July 9, 2013, to either show cause as to why his case should not be dismissed with prejudice for failure to comply with the Court's order or file an amended complaint. (ECF No. 19.)

Plaintiff did not, by the July 9, 2013 deadline, respond to the Court's order to show cause or file an amended pleading or request an extension of time to do so.

Plaintiff has now filed a motion to disqualify the undersigned along with an "addendum" to the "motion to vacate (an) illegal order." (ECF No. 20.)

## II. ARGUMENT

Plaintiff claims: 1. The undersigned is biased against him and incapable of being fair; 2. The undersigned has falsified orders, acted in excess of authority, and improperly screened out his claims placing him in imminent danger of unspecified retaliatory acts; 3. The undersigned is acting as an attorney for the Defendants; and, 4. The undersigned has been paid off by the California Peace Officers Association.

## III. ANALYSIS

### A. Disqualification

#### 1. Legal Standard

A judge has an affirmative duty to recuse himself "in any proceeding in which

his impartiality might reasonably be questioned." 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 555 (1994). The substantive standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). The alleged bias must stem from an "extrajudicial source." Liteky, 510 U.S. at 544–56. Normally, rulings by a court during the course of a case can not be extrajudicial conduct. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045–46 (9th Cir. 1987); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008). However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. Liteky, 510 U .S. at 555–56; Pesnell, 543 F.3d at 1044. Judicial rulings may support a motion for recusal only "in the rarest of circumstances." Liteky, 510 U.S. at 555; U.S. v. Chischilly, 30 F.3d 1144, 1149 (9th Cir. 1994).

2. Disqualification Should be Denied

Issuance of a decision unfavorable to a party does not in and of itself constitute a grounds for recusal. It does not do so here. There is a "presumption of honesty and integrity in those serving as adjudicators." Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 891 (2009), citing Withrow v. Larkin, 421 U.S. 35, 47 (1975).

Plaintiff has provided no facts suggesting such a deep-seated, or any, favoritism on the part of the undersigned as to make fair judgment impossible. The allegations of false order, action in excess of jurisdiction and financial interest are

devoid of any factual support.

Plaintiff's instant motion and addendum do not support reconsideration of the order denying motion to vacate. (ECF No. 18.) Plaintiff cites to no error, newly discovered evidence, or other grounds supporting reconsideration of the order denying the motion to vacate. Federal Rule of Civil Procedure 60(b)(6); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

**B. Dismissal of Action**

1. Legal Standard

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

2. This Action should be Dismissed With Prejudice

"The public's interest in expeditious resolution of litigation always favors dismissal." Id., quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff's complaint was dismissed for failure to state a claim. (ECF No. 10.) Notwithstanding successive extensions of time in which to amend, Plaintiff has repeatedly failed to comply with court orders that he file an amended pleading. (ECF Nos. 12, 14, 16, 19.) He has not provided cause why his action should not be dismissed. (ECF No. 19.) In such circumstances, the Court can not justify continuing

to expend its scarce resources in this matter. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, “pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.” Id., citing Yourish 191 F.3d at 991. However, “delay inherently increases the risk that witnesses’ memories will fade and evidence will become stale,” id., and it is Plaintiff's failure to comply with Court orders and file an amended pleading that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Pagtalunan, 291 F.3d at 643.

Accordingly, this action should be dismissed with prejudice based on Plaintiff's failure to state a claim and failure to prosecute.

## IV. CONCLUSIONS AND RECOMMENDATIONS

Plaintiff’s motion to disqualify the undersigned (ECF No. 20) should be denied.

This action should be dismissed with prejudice based on Plaintiff's failure to state a claim and failure to prosecute. (ECF Nos. 10, 12. 14. 16, 19.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(*l*). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.

Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 25, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE